The declarations of the deceased, made (444) at the time when he despaired of his recovery and felt sure that, though he was something better after the physician attended him, his disease would prove ultimately fatal, appear to me to have been properly admitted. The latest and most authoritative cases show that the court is to decide, and not the jury, whether the deceased made the declaration under the apprehension of death. 1 East Pl. Cr., 357 — John's case. But, as to the declarations of John Skinner, I know of no principle upon which they could be received as evidence against the prisoners. Even if he were a party to the record, they could be evidence only against himself, and not against the other defendants. For this reason, there ought to be a new trial. Whether the Superior Court of Chowan had jurisdiction of this case depends upon the construction of Laws 1816, ch. 912. The words of the second section are: "That such cases may be removed for trial to an adjoining county upon affidavit of the owner, or, in his absence, of the counsel of such slave or slaves, in the same manner as causes may now be removed by freemen." By the preceding act of 1813, ch. 853, suits may be removed by consent; but there is nothing in the phraseology to warrant a belief that criminal prosecutions were intended to be included. On the contrary, where the Legislature provides for their removal, they use different language, as in Laws 1808, ch. 745, in which the words are, "that no cause, civil or criminal," and it then proceeds to require an affidavit for their removal. The same expressions, "all causes, civil and criminal," are used in Laws 1806, ch. 693. From all which, the conclusion is that, as criminal causes could not in 1816 be removed otherwise than by affidavit, it was not competent for the owner of the slaves and their counsel to consent to the removal of this. I am therefore of opinion that a new trial should take place in Washington Superior Court, unless the case be properly removed (445) by affidavit.