As to the prisoner's liability to be affected by the confessions of others, it may be remarked, in general, that the principle of the law in civil and criminal cases is the same. In civil cases, when once the fact of agency or partnership is established, every act and declaration of one in furtherance of the common business, and until its completion, is deemed the act of all. And so in cases of conspiracy, riot, or other crime, perpetrated by several persons, when once the conspiracy or combination is established, the act or declaration making a part of the res gestae, of one conspirator or accomplice in the prosecution of the enterprise is considered the act of all, and is evidence against all. Each is deemed to assent to, or commend, what is done by any other in furtherance of the common object. But after the common enterprise is at an end no one is permitted, by any subsequent act or declaration of his own, to affect the others. 1 Greenleaf Ev., 233;S. v. Poll, 8 N.C. 442; United States v. Gooding, 12 Wheat., 459. 2 Peters, 358; 2 Stark. Ev., 232, 237; Roscoe on Ev., 60. The State had, first, to establish a conspiracy between the prisoner and Mrs. Meadows to murder Meadows before any evidence of declarations of hers were admissible against him. The case states that evidence was introduced to show "a guilty connection between the prisoner and Mary Meadows, which it is not thought necessary to repeat." How, then, can we see, or say, that any conspiracy ever existed between the prisoner and Mary Meadows to "murder the deceased or to do him some great bodily (328) harm?" "A guilty connection — What about? What do these words mean? I must confess I cannot tell. I cannot say that a combination or conspiracy between them to kill the deceased is the plain *Page 231 
meaning of the aforesaid words; and without a combination or conspiracy between the prisoner and Mary Meadows to kill or do some great bodily harm to the deceased, the acts or declarations of Mary Meadows relating to that subject could not lawfully be given in evidence against the prisoner. The prisoner moved for a new trial because the court permitted the declarations of Mary Meadows (without oath or any opportunity of cross-examination) to be given in evidence against him. The State replied that there was "evidence introduced to show a guilty connection between you and her." Can this answer be a satisfaction of the previous requirements of the law before acts or declarations of others are admissible as evidence against a prisoner? I think not, and am of opinion that a new trial should be granted.
It is said that it was the prisoner who tendered the bill of exceptions, and it was his duty to state the fact (if it was a fact) that the declarations of Mary Meadows were admitted in evidence against him, when no combination between her and him to kill the deceased had been established. And, I ask, if he has not done so. If there had in fact been a combination to kill proven on the trial, then the judge ought to have refused to sign this bill of exceptions.